**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER ON MOTION

Appellate case name:          Loruhamah Dickey v. Harris County, City of Houston, Houston Community College System, Houston Independent School District

Appellate case number:      01-18-00639-CV

Trial court case number:     2016-02269

Trial court:                   125th District Court of Harris County

Appellant, Loruhamah Dickey, filed a pro se notice of appeal of the trial court's final judgment, signed on June 15, 2018, in this property tax case. On February 13, 2019, because appellant failed to timely file her appellant's brief, the appellees, Harris County, City of Houston, Houston Community College System, and Houston Independent School District, filed a motion to dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 42.3(b). This Court's February 28, 2019 Order warned appellant that this appeal would be dismissed for want of prosecution unless appellant responded to the appellees' motion to dismiss by filing appellant's brief within 10 days of the date of that Order. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b). Appellant timely filed a pro se "AFFIDAVIT[,] VERIFIED STATEMENT[,] In the Nature of a Legal Brief" on March 11, 2019.

However, after reviewing appellant's four-page pro se "AFFIDAVIT[,] VERIFIED STATEMENT[,] In the Nature of a Legal Brief," it appears to be an answer and counterclaim that is filed in the trial court, and not an appellate brief. Specifically, it does not comply with Rule 38.1 because it does not contain any of the following sections, in the following order:

(1)      a list of all the parties to the trial court's judgment and addresses of all trial and appellate counsel;

(2)      a table of contents;

(3)      an index of authorities;

(4)      a brief statement of the case with references to the appellate record;

(5)      a statement regarding oral argument, with any request on the front cover of the brief;

(6)      a list of the issues presented for appeal;

(7)      a statement of facts supported by record references;

     (8)    a summary of the argument;

     (9)    a clear and concise argument for the contentions made with appropriate citations to legal authorities and the clerk's record;

     (10)   a short conclusion clearly stating the nature of the relief sought; and

     (11)   an appendix, if necessary.

TEX. R. APP. P. 38.1(a)-(k).

Accordingly, the Court sua sponte **strikes** appellant's "AFFIDAVIT[,] VERIFIED STATEMENT[,] In the Nature of a Legal Brief," and **orders** the brief redrawn. *See* TEX. R. APP. P. 38.9(a). If appellant files an amended brief that does not comply with TEX. R. APP. P. 38.1, as set forth above, this Court may strike the redrawn brief again, prohibit appellant from filing another brief, and proceed as if appellant had failed to file a brief, i.e., dismiss appellant's appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a), 38.9(a). If appellant fails to timely comply by filing a compliant amended brief **within 10 days from the date of this order**, this Court may dismiss this appeal for want of prosecution without further notice. *See* TEX. R. APP. P. 38.1, 38.8(a), 38.9(a), 42.3(b).

Finally, appellee's motion to dismiss this appeal for want of prosecution is **denied without prejudice** to refiling after appellant's amended brief, if any, is filed.

It is so ORDERED.

Judge's signature: _/s/ Justice Evelyn V. Keyes_____

                    x Acting individually     ☐ Acting for the Court

Date: __March 19, 2019_____